## Glone, to use, *v.* Arleth, Appellant.

*Contract—Services—Parent and child—Evidence.*

In an action by a daughter against her father to recover wages alleged to be due under an express contract to pay them, the case must be submitted to the jury, where the plaintiff testifies: "He said if I would pay my rent of five dollars a month, and if I worked any, he would pay me every cent I worked for him. He told my husband so more than a dozen times, and me too, double as much as any one else."

Argued May 16, 1894. Appeal, No. 399, Jan. T., 1894, by defendant, Christian Arleth, from judgment of C. P. Lancas-

ter Co., June T., 1893, No. 66, on verdict for plaintiff, Minnie Glone, for the use of her husband, William Glone. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Assumpsit for wages.   Before BRUBAKER, J.

At the trial plaintiff claimed to recover fifty-eight dollars for fifty-eight days' wages at one dollar per day.   She testified that she and her husband went to board with her father, agreeing to pay him rent at the rate of five dollars per month.   She further testified as follows : " Q. What did your father state to you about paying you ?   A. He said if I would pay my rent of five dollars a month, and if I worked any, he would pay me every cent I worked for him.   He told my husband so more than a dozen times, and me too, double as much as any one else.   Q. He told you he would pay you double?   A. Yes. Because I can understand more than strange people can.   He said they spoiled so much for him.   Q. At what?   A. Trucking."

A number of witnesses for plaintiff testified to seeing her do farm work on her father's place.   Defendant denied that he had made any express contract with his daughter to pay wages.

No points were presented by either side.   The court submitted the whole case to the jury.

Verdict and judgment for plaintiff for $59.28.

*Error assigned* was "in submitting the case to the jury," but not quoting the charge.

*Henry Carpenter*, for appellant.—The evidence was insufficient to submit to the jury: 2 Bl. Com. 443 ; Lantz v. Frey, 19 Pa. 366; Hertzog v. Hertzog, 29 Pa. 465; Barhite's Ap., 126 Pa. 404.

*H. M. Houser*, for appellee.—Error was improperly assigned : R. R. v. Page, 21 W. N. 53; Kitchen v. McCloskey, 150 Pa. 576 ; Wray v. Spence, 145 Pa. 399; Maurer's Est., 148 Pa. 272.

There was ample evidence in the case to be submitted to the jury both with reference to services rendered and with reference to an express contract having been entered into for the payment of these services.

PER CURIAM, July 11, 1894 :

This suit is by a daughter against her father for services alleged to have been performed by her under an express contract on his part to pay her therefor.   The testimony was conflicting, but that on behalf of the plaintiff tended to sustain her claim, and, if believed by the jury, as it evidently was, it was quite sufficient to warrant them in finding both the express promise to pay and rendition of the services in pursuance thereof. There was therefore no error in submitting the case to the jury, as was done, under proper instructions.   The court was not asked to withdraw it from their consideration by binding instructions to find for defendant; nor could the learned judge have done so, if he had been requested.   On the testimony, the case was clearly for the jury, and there was no escape from submitting it to them.

Judgment affirmed.